# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE STAHL, | No. 4:19-CV-00003 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SUSQUE VIEW HOME NURSING AND REHABILITATION CENTER, | |
| Defendant. | |

## ORDER

**JUNE 21, 2019**

On January 3, 2017, Nichole Stahl was fired from her job at the Susque View Home Nursing and Rehabilitation Center. In response, Ms. Stahl sued Susque View, arguing that her termination violated the Americans with Disabilities Act (Count I); the Family and Medical Leave Act (Count II); and Title VII of the Civil Rights Act of 1964 (Count III). Susque View now moves to dismiss Ms. Stahl's FMLA and Title VII claims. That motion will be denied.

**Background**

On August 1, 2016, while working at Susque View, Ms. Stahl requested "intermittent" FMLA leave in order attend medical appointments related to her pregnancy.[1] On August 31, 2016, Suque View informed her that she would be

---

[1] Amended Complaint (ECF No. 13) ¶ 24.

required to take a full-time leave of absence until she delivered the baby, which was due in March 2017.[2]

Ms. Stahl unfortunately lost her child due to medical complications.[3] In mid-October, Ms. Stahl requested to remain out of work until December 5, 2016, in order to deal with those complications.[4] At the end of November 2016, Ms. Stahl asked to extend that leave until December 28, 2016.[5] Sometime later, Ms. Stahl asked for another leave extension, this time until January 16, 2017.[6] Susque View denied this request, and told Ms. Stahl that she had to return to work on December 30, 2016.[7]

On December 23, 2016, Ms. Stahl notified Susque View of a hysterectomy that she underwent on December 14, 2016, and indicated that she was unable to return to work immediately.[8] Susque View consequently terminated her on January 3, 2017, and this lawsuit followed.

---

[2] *Id.* ¶¶ 26-27.
[3] *Id.* ¶ 28.
[4] *Id.* ¶ 29.
[5] *Id.* ¶ 30.
[6] *Id.* ¶ 32. Ms. Stahl does not specify the date when this request was made.
[7] *Id.* ¶ 33.
[8] *Id.* ¶¶ 35-36.

**Discussion**

<u>FMLA Interference Claim</u>

Susque View argues that Ms. Stahl's FMLA interference claim fails as a matter of law because: (1) the FMLA guarantees only twelve workweeks of leave;[9] (2) the period between August 31, 2016, and January 3, 2017—*i.e.*, the period during which Ms. Stahl was on unpaid leave—exceeds twelve weeks; and (3) Susque View, therefore, did not deprive Ms. Stahl of any rights to which she was entitled under the FMLA.[10] This Court disagrees. While Ms. Stahl was clearly away from work for more than twelve weeks, this Court can—and therefore must—infer (1) that Susque View was utilizing a calendar year method of calculating FMLA leave;[11] (2) that Ms. Stahl was, therefore, entitled to twelve more weeks of FMLA leave in 2017, despite exhausting her 2016 benefits; and (3) that Susque View plausibly interfered with her right to take that leave.[12] Ms. Stahl's FMLA interference claim, therefore, survives.

---

[9] *See Capps v. Mondelez Global, LLC*, 847 F.3d 144, 151 (3d Cir. 2017) ("The FMLA provides, in relevant part, that eligible employees are entitled to 12 workweeks of leave during any 12-month period due to an employee's own serious health condition.").

[10] *See Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2017) (noting that an FMLA interference claim requires a plaintiff to establish that "[she] was denied benefits to which . . . she was entitled under the FMLA.").

[11] *See* 29 C.F.R. § 825.200(b) ("An employer is permitted to choose any one of the following methods for determining the 12-month period in which the 12 weeks of leave entitlement . . . occurs: (1) the calendar year.").

[12] This is not to say that Susque View could not terminate Ms. Stahl for her failure to return to work at the end of 2016, after she exhausted her 2016 FMLA leave. *See Lichtenstein v.*

## FMLA Retaliation Claim

Susque View argues that Ms. Stahl's FMLA retaliation claim fails as a matter of law because Ms. Stahl failed to allege a causal link between her invocation of her FMLA rights and her termination.[13] This Court disagrees. As noted above, this Court must construe Ms. Stahl's December 23, 2016 communication to Susque View as, in part, a request for 2017 FMLA leave. If the timing of her termination eleven days later is not "unduly suggestive"[14] on its own, a reasonable jury could, in light of the other circumstances alleged (including Ms. Stahl's extensive medical leave in 2016), find that her termination was done to retaliate against her for asserting her FMLA rights. Ms. Stahl's FMLA interference claim, therefore, survives.

## Pregnancy Discrimination Claim

Susque View argues that Ms. Stahl's pregnancy discrimination claim fails as a matter of law because Ms. Stahl failed to allege a causal link between her

---

*University of Pittsburgh Medical Center*, 691 F.3d 294, 312 (3d Cir. 2012) ("The FMLA . . . does not provide employees with a right against termination for a reason other than interference with rights under the FMLA. [An employer-defendant] can defeat [a plaintiff-employee's FMLA] claim if it can demonstrate that [the employee] was terminated for reasons unrelated to her exercise of rights."). That issue, however, is fact-dependent, and is therefore inappropriate for resolution at this stage of the litigation.

[13] *See id.* at 302 ("To prevail on a retaliation claim under the FMLA, [an employee] must prove that . . . [an] adverse [employment] action was causally related to [the employee's] invocation of [FMLA] rights.")

[14] *See id.* at 307 ("When the temporal proximity between the protected activity and adverse action is unduly suggestive, this is sufficient standing alone to create an inference of causality . . . ."); *id.* ("Although there is no bright line rule as to what constitutes unduly suggestive temporal proximity, [a span of seven days] is in the realm of what this Court and others have found sufficient at the prima facie stage.").

4

invocation of her FMLA rights and her termination.[15] This Court disagrees. On December 23, 2016, Ms. Stahl notified Susque View that she was unable to return to work because of a recent hysterectomy, which procedure was needed because of medical complications arising from her unsuccessful pregnancy.[16] Eleven days later, she was fired. That close temporal proximity, combined with the fact that Susque View responded to Ms. Stahl's request for intermittent pregnancy-related medical leave by requiring her to take full-time leave, would—if proven—allow a reasonable jury to find that Susque View was discriminating against Ms. Stahl on the basis of her pregnancy-related medical condition. Her Title VII claim, therefore, survives.

**Disposition**

For those reasons, **IT IS HEREBY ORDERED** that Susque View's Motion to Dismiss, ECF No. 16, is **DENIED**. Susque View **SHALL ANSWER** Ms. Stahl's Amended Complaint, ECF No. 13, within fourteen days of the date of this Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] *See Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008) (noting that Title VII is violated "whenever an employee's pregnancy or related medical condition *is a motivating favor* for the employer's adverse employment decision") (emphasis added).

[16] *See id.* (noting that Title VII is violated "whenever an employee's pregnancy *or related medical condition* is a motivating favor for the employer's adverse employment decision") (emphasis added).